UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE TYRONE STEWART, JR. (#248900)     CIVIL ACTION

VERSUS

JEFFREY WILEY     17-491-SDD-EWD

## ORDER

Before the Court are Plaintiff's Motions for Preliminary Injunction.[1]

*Pro se* Plaintiff, a prisoner confined at the Ascension Parish Correctional Center, Donaldsonville, Louisiana, commenced this proceeding by filing a hand-written Complaint that invokes his constitutional civil rights pursuant to 42 U.S.C. § 1983. Plaintiff complained therein that he had allegedly been previously raped in his sleep at the facility, that prison officials had been deliberately indifferent to his health and safety, that on June 6, 2017 he was transferred to Unit 1, Cell A-9 at the facility, where a co-inmate threatened to rape him, and that he was thereafter transferred on June 28, 2017 to Cell A-7, an "Intake Cell," that reportedly does not have adequate running water or access to a toilet. Plaintiff alleged that he had been maintained in the "Intake Cell" and that for "several days," deputies were "giving [him] problems getting to the bathroom and refusing to give [him] water." *See* R. Doc. 3 at pp. 3-5. Plaintiff further complained that prison officials were interfering with his legal mail and that these deprivations were the result of a conspiracy against him by deputies at the facility. Finally, Plaintiff included with his

---

1     Rec. Docs. 2 and 3.

Complaint the two Motions for Preliminary Injunction that are addressed herein, complaining in the first[2] that his cell-mate in Cell A-9 was threatening to rape him and in the second[3] that his requests for medical attention were delayed, that he was being denied adequate access to drinking water and bathroom facilities in Cell A-7, and that the delivery of his mail was being obstructed.

Plaintiff is not entitled to the relief requested. In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[4] "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[5]

On the record before the Court, Plaintiff has not shown that he is entitled to the relief requested. Initially, with regard to Plaintiff's first Motion for Preliminary Injunction,[6] wherein he complained of his placement in a cell with a cellmate who had threatened to rape him, this Motion was rendered moot by Plaintiff's admitted placement in a different cell on June 28, 2017. In this regard, the United States Court of Appeals for the Fifth Circuit has iterated that an inmate's transfer from one location to another generally

---

2     Rec. Doc. 2.
3     Rec. Doc. 3 at pp. 1-2.
4     *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
5     *Id.* at 196.
6     Rec. Doc. 2.

renders moot any claims for injunctive relief with respect to the inmate's prior location.[7] Accordingly, inasmuch as Plaintiff is no longer sharing a cell with the inmate who allegedly threatened him with harm, Plaintiff no longer faces a threat of irreparable injury at the hands of the co-inmate.

Turning to Plaintiff's second Motion for Preliminary Injunction,[8] wherein he complained that his access to medical attention was delayed on June 28, 2017, that certain security officers had denied him access to a bathroom and drinking water for several days, and that his outgoing mail was being obstructed, the Court similarly concludes that Plaintiff has failed to make a showing sufficient to support an award of injunctive relief. Specifically, Plaintiff's allegations are entirely conclusory, are not supported by any evidentiary corroboration, and do not suggest that he faces an imminent threat of irreparable injury if injunctive relief is not granted. First, Plaintiff's complaint relative to an alleged failure to provide medical attention appears to be principally a complaint that a nurse delayed for several hours on a single date in responding to a request for medical attention and then failed to provide Plaintiff with a "rape kit" test that Plaintiff requested. This does not suggest a likelihood of irreparable injury. Second, Plaintiff's complaint relative to the alleged obstruction of his outgoing mail also does not present the specter of irreparable injury and, in any event, is belied by the Court's receipt of numerous pleadings and correspondence forwarded by Plaintiff to the Court in this and other litigation that Plaintiff has pursued herein. Finally, whereas the deprivation of drinking water to an inmate for an appreciable period of time would cause the Court

---

7  See generally, *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Kidd v. Livingston*, 463 Fed. Appx. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 Fed. Appx. 381, 382 (5th Cir. 2001); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995).
8  Rec. Doc. 3.

concern and could lead to a conclusion that a potential threat of irreparable injury was presented, Plaintiff's allegations do not "clearly carr[y] the burden of persuasion" in connection with this claim, as is required to support a claim for injunctive relief. Specifically, Plaintiff makes reference in his Motion only to the actions of "several deputies" who he asserts were trying provoke Plaintiff into a confrontation and were, as a result, refusing Plaintiff's requests for drinking water or access to a bathroom "for several days." Plaintiff makes no suggestion that he was entirely denied access to drinking water, that he was unable to obtain water from other deputies or from deputies assigned to other shifts, or that the alleged misconduct persisted beyond a period of "several days." Further, Plaintiff makes no assertion that he suffered any ill effects from the actions of the security officers or that he has needed or requested medical attention as a result of dehydration or other deprivation. Thus, Plaintiff's conclusory assertion that certain unnamed security officers have obstructed his access to drinking water are not sufficient to support a finding of irreparable injury and, accordingly, Plaintiff has not made out a showing of entitlement to injunctive relief. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's *Motions for Preliminary Injunction*[9] are **DENIED**.

Baton Rouge, Louisiana the 27 day of March, 2018.

*Shelly D. Dick*
_____
**SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

9   Rec. Docs. 2 and 3.